RYAN OUTDOOR ADVERTISING, INC., Sun Outdoor Advertising, Inc., and all others similarly situated, Plaintiffs-Appellants.

v.

The UNITED STATES of America, Roger C. B. Morton, Secretary of the Department of the Interior of the United States of America, Edward Rowland, State Director of the Bureau of Land Management of the Department of the Interior, John Boyles, District Manager of the Bureau of Land Management of the Department of the Interior of the United States of America, and John Does I through XX, Defendants-Appellees.

No. 76–1675.

United States Court of Appeals, Ninth Circuit.

Aug. 22, 1977.

Earl Monsey, submitted, Las Vegas, Nev., for plaintiffs-appellants.

Lawrence Semenza, U. S. Atty., Reno, Nev., Neil T. Proto, submitted on briefs, Appellate Section, Lands & Natural Resources, U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before ELY, HUFSTEDLER and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants are corporations engaged in the business of setting up outdoor advertising displays along highways and thoroughfares. In the past, they have been issued "Special Land Use Permits" by the Department of the Interior, Bureau of Land Management, giving them the temporary privilege of using the public domain for the erection of their signs. Pursuant to regulations promulgated by the Secretary of the Interior, all such permits are revocable at any time upon notice. 43 C.F.R. § 2920.-3(a). An express provision to this effect was contained in the permits issued to appellants.

In December 1970, the Secretary issued new regulations respecting Special Land Use Permits. The regulation at issue here provides, in pertinent part, as follows:

"No permits will be issued for lands within rights-of-way, within 660 feet of the edge of the rights-of-way of the National System of Interstate and Defense Highways (Interstate System) and the primary system (title 23, United States Code), or for displays which would be visible from such highways." 43 C.F.R. § 2921.0–6(a).

The obvious effect of this regulation is a virtual ban on outdoor advertising displays on federal lands.

Notice had been given sign owners of the impending change in regulations almost two years prior to its promulgation. When the appellants' permits expired, the Government refused to renew them. In December 1973, the Department of the Interior notified all sign owners with permits for use of public land in Nevada that their signs would have to be removed in accordance with Reg. 2921.0–6. Appellants protested removal of their signs. On January 10, 1974, the Government notified the appellants that they were granted a 30-day extension of time in which to remove their signs. When they failed to comply, two signs belonging to one of the appellants were removed. Sun and Ryan thereupon filed a complaint seeking declaratory and injunctive relief. Summary judgment in favor of the Government was granted on March 3, 1976. This appeal followed.

Appellants' first contention is that Reg. 2921.0–6 is in contravention of the Highway Beautification Act of 1965, 23 U.S.C. § 131(h). They assert that that legislation supersedes and preempts any pre-existing authority of the Secretary of the Interior over public lands adjacent to federally-funded highways; and that the regulations are in conflict with the guidelines expressed by the Act.

While it may be accepted that certain discrepancies and inconsistencies do exist between the specifics of Reg. 2921.0–6 and the Highway Beautification Act, that does not mean that the Secretary of the Interior was without independent authority to issue the regulations. That authority is derived from 43 U.S.C. § 1201, the general congressional grant of authority to the Interior Secretary to administer the laws dealing with public lands. By virtue of this authority, the Department of the Interior has been given almost plenary authority over the administration of federal lands. *Best v. Humboldt Mining Co.*, 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963). This is the recognized basis upon which the Department has issued revocable land use permits. The fact that Congress has authorized the Department of Transportation to set general standards on outdoor advertising which apply to public lands as well as to private does not preempt continued regulation of the same public lands by the Secretary of the Interior. We recognized and upheld this principle recently in the case of *Utah Power and Light Co. v. Morton*, 504 F.2d 728 (9th Cir. 1974).

There is simply no indication that Congress intended in the Highway Beautification Act the significant alteration of a persuasive, well-established regulatory scheme which appellants urge took place. *See Train v. Colorado Public Interest Research Group*, 426 U.S. 1, 24, 96 S.Ct. 1938,

48 L.Ed.2d 434 (1976). If the Secretary of the Interior chooses to permit signs on public lands, they are to conform to the standards set by the Department of Transportation under the Highway Beautification Act. But if the Secretary of the Interior, in the exercise of his authority over federal lands, decides that no outdoor advertising will be permitted on public lands whatsoever, the Highway Beautification Act simply does not apply. There was no error in the district court's decision upholding Reg. 2921.0–6.

■ Appellants also urge that they are entitled to compensation for the removal of their signs. Since these signs were not removed pursuant to the Highway Beautification Act, but rather under the general authority of the Secretary of the Interior over public lands, the provisions of 23 U.S.C. § 131(g) are not applicable. Applying traditional principles of law, appellants' interest was clearly not compensable. In *United States v. Fuller*, 409 U.S. 488, 93 S.Ct. 801, 35 L.Ed.2d 16 (1973), the United States Supreme Court held that the value of an unexpired revocable permit issued by the Government was not an interest for which the Government would have to pay compensation. *United States v. Fuller*, 409 U.S. at 493, 93 S.Ct. 801. In the instant case the permits were revocable in the Government's discretion at any time upon notice. Notice had been given and the permits had all expired. There was no longer any interest to be compensated.

AFFIRMED.